FILED
CLERK
12/18/2015
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH CAPILUPI, ET AL, | . Civil No. 15-cv-05247-JMA-AYS |
| Vs. | . 100 Federal Plaza<br>. Central Islip, NY |
| PEOPLE'S UNITED FINANCIAL, | . DATE: December 7, 2015 |

. . . . . . . . . . . . . . . .

TRANSCRIPT OF CONFERENCE
BEFORE THE HONORABLE ANNE Y. SHIELDS
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For The Plaintiffs: SHULMAN KESSLER
BY: TROY KESSLER, ESQ.
534 Broadhollow Road, Suite 275
Melville, NY 11747

SHAVITZ LAW GROUP
BY: MICHAEL PALITZ, ESQ.
830 3rd Avenue, 5th Floor
New York, NY 10022

For the Defendants: JACKSON LEWIS
BY: NOEL TRIPP, ESQ.
ANA SHIELDS, ESQ.
PAUL PICCIGALLO, ESQ.
58 South Service Road, Suite 250
Melville, NY 11747

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**TRACY GRIBBEN TRANSCRIPTION, LLC**
859 Nutswamp Road
Red Bank, New Jersey 07701
**(732) 263-0044 Fax No. 732-865-7179**
**800 603-6212**
**www.tgribbentranscription.com**

THE CLERK: Calling 15-cv-5247, Capilupi versus People's United Financial Incorporated, et al. Please state your appearances for the record.

MR. KESSLER: Good morning, Troy Kessler, of Shulman Kessler for the plaintiff.

THE COURT: Good morning.

MR. PALITZ: Good morning, Your Honor, Michael Palitz from Shavitz Law Group for the plaintiffs.

THE COURT: Good morning.

MR. TRIPP: Good morning, Your Honor, Noel Tripp, Ana Shields, and Paul Piccigallo from Jackson Lewis for the defendants.

THE COURT: Good morning. Okay, so you're here for your initial conference on this FLSA case and I know it's a case where you're alleging that people were improperly classified, right?

ATTORNEY: That's correct, Your Honor.

THE COURT: Okay, and they're called customer service managers, and I know that you want, are wanting to make a conditional certification (inaudible-microphone inoperable) and the defendants are thinking of opposing it, want some discovery, and I know in particular you're opposing the nationwide class, right?

MR. TRIPP: That's correct, Your Honor.

THE COURT: Okay. So the plaintiff, you already have

five opt-ins?

MR. KESSLER: We actually have seven clients, two plaintiffs, five opt-ins, Your Honor.

THE COURT: Two plaintiffs, five opt-ins. All from New York except for one, right?

MR. KESSLER: Correct.

THE COURT: Okay. So, given that, if you were to move for conditional certification of a class in New York, only, I think you'd probably get that. How would defendants feel about certification of a New York class. Is that something you'd oppose as well?

MR. TRIPP: I would see it framed by plaintiffs, Your Honor, but I think to the extent plaintiff's position where we can make a modest factual showing as to these markets, downstate New York, something in that vein, we are mindful of the Meyer standard. And would certainly reconsider our current position.

THE COURT: Okay. So here's what I'm thinking, I mean in terms of getting -- I'm assuming your client does business all over the country, is that right?

MR. TRIPP: Not in terms of the retail branches, the footprint --

THE COURT: Okay, so I know you, the plaintiffs mentioned something like five states, is that what we're talking about in terms of the class? Let me ask the

plaintiffs. I think you have Massachusetts, Vermont, New Hampshire, Maine and New York?

MR. KESSLER: We have six states. Correct, six states.

THE COURT: So that's the size of your class.

MR. KESSLER: That's the collective, there's 400 branches.

THE COURT: So it's not nation, it's these states.

MR. KESSLER: Correct.

THE COURT: Okay. So the people you have right now are basically New York and I think if he moves a conditional cert right now, not conditional, collective action, you would get that on New York. I don't think there's a question about that. As far as defendants go, you want a little bit of discovery to go into the issue of whether or not all of the plaintiffs in all of the states are subject to the same allegedly illegal practices. Is that right?

MR. TRIPP: That's fair, Your Honor. We don't think they'll be able to make a showing as to New England, whether that's through discovery or through a motion. We think discovery would be a more effective first vehicle than that motion practice as to the broader collective. But, essentially you're correct, Your Honor.

THE COURT: Okay. So how about this. Here's what I have. I have some, I have form FLSA interrogatories that I use

that I'm going to give you first of all. And those will be all be sort of in lieu of doing initial disclosures and early discovery. I'm going to give you copies of those interrogatories. And what they will do is require all the plaintiffs and the opt-in plaintiffs to sort of make their claims real clear for the defendants. And put the defendants in a position of knowing that the claims are, what the amounts sought are as to each person. So that's the first thing I'm going to do.

The other thing that I have are form notices to give to a class. And a form stipulation of conditional certification. Given what you've told me, I think you can agree to a conditional collective for New York. Would the defendants agree to that?

MR. TRIPP: Your Honor, we can't agree to that today. And certainly you know, there would be interplay with whether that would be with leave to further broaden this case and make it much more expensive and bigger at a later date.

THE COURT: But they'd have to have leave to do that. I mean, but what I'm trying to do is save your clients a little time and money by having to oppose a motion on a smaller class, so we can get things moving in the case. It would also avoid motion practice as to issues of what's in the notice, right?

MR. TRIPP: We have a very good working relationship with all of the plaintiffs' counsel. And I don't, I think

issues of form and manner of dissemination are probably things that if we agreed on scope we could work out, mindful of Your Honor's baseline on those issues.

THE COURT: That's great. Okay, good. So what I'll do, I'm going to give you my form interrogatories, I'm going to give you my form notice, my form stipulation. You'll take those with you today. And what I'd like to do is talk to each other for the next week, and then in one week, what I'd like you to do is send me a joint status letter as to whether or not the defendants can agree to conditional collective as to New York only, and we could get that part moving. Okay, and what I would do is, get the New York part moving and then grant the defendants some discovery before making, before entertaining a motion for collective on the other states. Because frankly right now, you don't have any affidavits from, any opt-ins from any of the other states, other than, I think you've got somebody from Massachusetts, but other states you don't have anybody, right?

MR. KESSLER: Correct, Massachusetts and New York.

THE COURT: Okay, so I think the discovery would do you some good too, to see whether or not it's a similarity of policy on the defendant's side, with respect to this type of employee. Would you agree with that?

MR. KESSLER: I would agree. I think it's undisputed that there's a common compensation policy here. There's a

common -- no matter where these customer service managers are employed, they're not paid overtime.

THE COURT: And is it the same title, the same duties, the same policy?

MR. KESSLER: Yes.

THE COURT: Do you know that or is that something maybe the defendants would comment on.

MR. TRIPP: They've got to show a common unlawful policy, Your Honor. Not just a common policy. A common policy is, I --

THE COURT: Well, if they say unlawful, you say it's lawful.

MR. TRIPP: No, no, but I, you know, otherwise you know, there's Title X, there are other people in Title X would be enough to send notice to everybody in a given classification across a deli, across Chevron, across any organization, right. They're alleging that they performed duties that were not in conformity with the bank's expectations, for the position, and that that's what was widespread, right. We were on the teller window.

THE COURT: Right. Well, the legal/illegal, I'm sure you'll differ on that, right? The question is whether they can set apart a group, right, that has the same title, the same duties, the same type of compensation.

MR. TRIPP: I don't think --

THE COURT: You'll say it's legal, they say it's not legal. Right, always. I'm sure even with the New York --

MR. TRIPP: That's fair, Your Honor, we don't think they can make any showing that individuals in the other states performed the duties they're describing in the complaint.

THE COURT: Right, so the question is, that's the question. Are they the same duties, does that title mean something. I'm sure you're aware of other cases where people can have a particular title, and it's really uniform what they do, and it's also uniform how they're classified, and it's also uniform how they're paid. The issue of whether it's legal or not is for another day, obviously, right?

MR. TRIPP: Agreed.

THE COURT: Okay, so joint status letter in a week, as to whether or not you're going to agree to conditional on New York only. All right, and then what I'll do is, also allow discovery, let's do paper discovery on the issue of these other states. And what the duties are. So it's other states CFMs. And you can probably do that in the next 30 days, right?

MR. TRIPP: Paper discovery is often in the eye of the beholder, Your Honor.

THE COURT: Well, I'm sure you'll be --

MR. TRIPP: But I, but with that caveat, yes, Your Honor.

THE COURT: Okay. And if the defendants can't give

you that kind of discovery, you can wait to move for conditional certification as to everybody else for the next 30 days. And then we'll see where we are.

MR. KESSLER: Thank you, Your Honor.

THE COURT: Okay? Let's do that as a first step in the case. I'll hear from you by joint status letter in a week, tell me where you are in your discussions. Where you are in terms of agreements. The plaintiffs will have to fill out the form interrogatories, which I will give you. That's as people opt-in, each one has to fill that out. Okay? So you'll take a look at that. And that will bring the parties closer to understanding each other's positions, which is really the goal of discovery.

So I'll hear from you in a week. You'll do the paper discovery for 30 days. When I get the letter in a week, include in the letter where you are and what plans you have to move forward with discovery, given our discussions today. Okay? Anything else you need from me now?

MR. TRIPP: Two points of order, Your Honor.

THE COURT: Sure.

MR. TRIPP: One the worksheet docket 23, is essentially under advisement for the moment.

THE COURT: Yes.

MR. TRIPP: And two, Judge Azrack's rules use that always nebulous term, "class certification" and indicate that

class cert motions are to be directed to her, I don't necessary read it as extending to the instant application, I just don't want to have to --

THE COURT: Well, this isn't class cert. This is collective action. And I think she referred this to me.

MR. KESSLER: I think that's correct, Your Honor.

THE COURT: Am I right?

MR. KESSLER: Yes.

THE COURT: Yes. So here we are.

MR. TRIPP: All set.

THE COURT: Okay? Anything else? All right, I'll hear from you in an week then. And we'll see where we go from there. Thanks for coming.

MR. TRIPP: Thank you, Your Honor.

THE COURT: My Law Clerk will give you the paperwork I referred to.

* * * * *

**C E R T I F I C A T I O N**

I, **PATRICIA POOLE**, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/S/ PATRICIA POOLE

TRACY GRIBBEN TRANSCRIPTION, LLC DATE: December 18, 2015