**FILED
CLERK**

9/26/2017 11:49 am

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

**DEBORAH CAPILUPI and JOSE VALETTE**, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

**PEOPLE'S UNITED FINANCIAL, INC.,** and **PEOPLE'S UNITED BANK,**

Defendants.

---

Case No.:
**15 Civ. 5247 (JMA) (AYS)**

## [PROPOSED] ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS, APPOINTMENT OF PLAINTIFFS' COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFFS' PROPOSED NOTICE OF SETTLEMENT

The above-entitled matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Settlement Class, Appointment of Plaintiffs' Counsel as Class Counsel, and Approval of Plaintiffs' Proposed Notice of Settlement ("Motion for Preliminary Approval"). After reviewing the Motion for Preliminary Approval, the supporting Memorandum of Law in Support of the Motion for Preliminary Approval (the "Memorandum"), the Declaration of Justin M. Swartz ("Swartz Decl.") and supporting exhibits, the Declaration of Gregg I. Shavitz, and the Declaration of Troy Kessler, the Court hereby finds as follows:

A.  On September 6, 2016, Plaintiffs Deborah Capilupi and Jose Valette filed an Unopposed Motion for Preliminary Approval with respect to a proposed Settlement Agreement and Release ("Settlement Agreement").

B. In their Motion, Plaintiffs seek class certification for settlement purposes under Fed. R. Civ. P. 23 of all individuals who worked as salaried Customer Service Managers ("CSMs") for Defendants People's United Financial, Inc. and People's United Bank (collectively "Defendants") in New York during the period from September 10, 2009 through the date of the Parties' mediation, April 5, 2016, plus Opt-in Plaintiff William Sharp.

C. This Court has considered all of the submissions presented with respect to the Settlement Agreement.

D. All capitalized terms in this Order with respect to the Settlement Agreement that are not otherwise defined have the same meaning as in the Settlement Agreement.

E. NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1. For the reasons set forth in Plaintiffs' Memorandum of Law, this Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met warranting class and collective certification for purposes of effectuating settlement. The Court hereby certifies the following class for settlement purposes:

> All individuals who worked as salaried CSMs for Defendants in New York between September 10, 2009 and April 5, 2016, plus Opt-in Plaintiff, William Sharp.

2. The Court finds that the Settlement Agreement is fair, reasonable, and adequate and should be preliminarily approved. The settlement will ensure prompt payment to class and collective members and avoid the risks and expense of continued litigation.

3. The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the release of claims. Based on its review of the Settlement Agreement, Plaintiffs' Memorandum of Law, and the Court's

2

familiarity with this case, the Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations between the Parties after Plaintiffs' Counsel and Defendants' Counsel had fully investigated the claims and became familiar with the strengths and weaknesses of the claims. The assistance of a neutral supports the Court's finding that the settlement is not collusive. Based on all of these factors, the Court finds that the Settlement Agreement has no obvious defects and is within the range of possible settlement approval such that notice to the Class as set forth in the Settlement Agreement is appropriate.

4. The Court approves Outten & Golden LLP, Shavitz Law Group, P.A., and Shulman Kessler LLP as Class Counsel.

5. The Court approves Rust Consulting as the Claims Administrator.

6. The proposed Notice, attached as Exhibit B to the parties' July 7, 2017 Stipulation and Proposed Order ("July 7 Stipulation"), fully and accurately informs the Class Members of all material elements of the action and the proposed Settlement. [handwritten: as amended by Plaintiffs' 9/23/2017 letter, ECF No. 54,]

7. The Court finds that the Settlement Agreement satisfies all the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3).

8. The Parties propose to disseminate the Notice to the class via First Class United States Mail to the last known address of each class member, in accordance with Section 2.4(B) of the Settlement Agreement. The Settlement Claims Administrator shall also distribute to any Class Member who has not yet returned a Claim Form a Reminder Notice, attached as Exhibit A to the July 7 Stipulation, thirty (30) days after the initial Notice Mailing. The Court finds that the methods of disseminating the Notice, as provided in the Settlement Agreement and July 7 Stipulation, is the best notice practicable under the circumstances and fully meets the requirements of federal law.

3

9. Based on the foregoing, the proposed Notice is hereby approved by the Court.

10. Within ten (10) days of the filing of this Order, in accordance with Section 2.4(A) of the Settlement Agreement, Defendants will provide the Settlement Claims Administrator with the Class List.

11. Within thirty (30) days of this Order, the Claims Administrator will mail the approved Notice and Claim Forms to all Class Members, via First Class United States Mail.

12. Within thirty (30) days of the initial Notice mailing, the Settlement Claims Administrator shall mail a Reminder Notice to any Class Member who has not yet returned a Claim Form.

13. For any Class Members whose notices are returned as undeliverable and for whom the Settlement Claims Administrator is unable to locate a new address, Defendants shall provide any last known email address for the Class Member maintained in Defendants' human resources information system (the Ultipro system), and the Settlement Claims Administrator shall email a copy of the Notice to such email address. The Settlement Claims Administrator shall provide the identity of any such Class Member to counsel for Defendants on a rolling basis. Any such emails shall be sent simultaneously on the day after the close of the window to submit a Claim Form, object, or opt out of the settlement, and any Class Member to whom notice is communicated in this fashion shall have an additional thirty (30) days from the date of the email to submit a Claim Form, object, or opt out of the settlement;

14. Each Class Member shall have sixty (60) days from the mailing of the Notice to participate in, object to or opt out of the Settlement with additional time for any Class Members to whom Notice was re-mailed as set forth in the Settlement Agreement. The Court will conduct a fairness hearing on _February 5_, 2017, at [~~a.m.~~/~~p.m.~~] to address: (a) whether the proposed 5:15 pm in Courtroom 920 of the Central Islip Courthouse, located at 100 Federal Plaza, Central Islip, NY 11722

4

Settlement Agreement should be finally approved as fair, reasonable, and adequate; (b) Class Counsel's application for attorneys' fees and costs; and (c) Plaintiffs' application for service payments.

15. Plaintiffs shall file their Motion for Final Approval no later than fourteen (14) days prior to the fairness hearing.

16. ~~The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.~~

Dated this 26th day of September, 2017.
Central Islip, New York

SO ORDERED:

/s/ (JMA)

Hon. Joan M. Azrack
United States District Judge

5