UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH CAPILUPI and JOSE VALETTE, on behalf of themselves and all others similarly situated,<br><br>                             Plaintiffs,<br>v.<br><br>PEOPLE'S UNITED FINANCIAL, INC., and PEOPLE'S UNITED BANK,<br><br>                             Defendants. | No. 15 Civ. 5247 (JMA) (AYS) |

**[PROPOSED] FINAL ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND APPROVAL OF THE FLSA SETTLEMENT; MOTION FOR APPROVAL OF SERVICE AWARDS; AND MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES**

The above-entitled matter came before the Court on Plaintiffs' Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Approval of the FLSA Settlement ("Motion for Final Approval"), Motion for Approval of Service Awards ("Motion for Service Awards"), and Motion for Approval of Attorneys' Fees and Reimbursement of Expenses ("Motion for Fees"). After reviewing the papers in support of the Motions for Final Approval, Service Awards, and Fees, and supporting declarations and exhibits, the arguments of counsel during the February 5, 2017 Fairness Hearing, and all other materials properly before the Court, the Court hereby finds and orders as follows:

      A.      On October 19, 2017, Plaintiffs Deborah Capilupi and Jose Valette ("Plaintiffs") filed their Motion for Service Awards and Motion for Fees.

      B.      On January 22, 2018, Plaintiffs filed a Motion for Final Approval with respect to the proposed Settlement Agreement and Release ("Settlement Agreement").

C.   All capitalized terms in this Order with respect to the Settlement Agreement that are not otherwise defined have the same meaning as in the Settlement Agreement.

D.   NOW THEREFORE, after due deliberation and for good cause, this Court hereby ORDERS that:

1.   For the reasons set forth in Plaintiffs' Memorandum of Law, this Court finds that the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), and the predominance and superiority requirements of Rule 23(b)(3) have been met warranting class and collective certification for purposes of effectuating the settlement. The Court hereby certifies the following class for settlement purposes:

> All individuals who worked as salaried CSMs for Defendants in New York between September 10, 2009 and April 5, 2016, plus Opt-in Plaintiff, William Sharp.

2.   The Court finds that the Settlement Agreement is fair, reasonable, and adequate and should be approved on a final basis. The settlement will ensure prompt payment to Class and FLSA Collective Members and avoid the risks and expense of continued litigation.

3.   The Court has reviewed the terms and conditions of the Settlement Agreement, including the monetary relief provisions, the plan of allocation, and the release of claims. Based on its review of the Settlement Agreement, Plaintiffs' Memorandum of Law, and the Court's familiarity with this case, the Court finds that the Settlement Agreement is the result of extensive, arm's-length negotiations between the Parties after Plaintiffs' Counsel and Defendants' Counsel had fully investigated the claims and became familiar with the strengths and weaknesses of the claims. The assistance of a neutral mediator supports the Court's finding that the settlement is not collusive. Based on all of these factors, the Court finds that the Settlement Agreement has no obvious defects and is within the range of settlement approval.

4. The Court finds that there were no written objections to the Settlement.

5. The Court finds that the Settlement Agreement satisfies all the requirements for certification of a settlement class under Rule 23(a) and 23(b)(3).

6. The Parties' dissemination of the Notice to the class via First Class United States Mail to the last known address of each Class Member was in accordance with Section 2.4(B) of the Settlement Agreement. The Court finds that the procedures for notifying the Class Members about the settlement constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process. Based on the evidence and other materials submitted to the Court, the Notice to the Class Members provided adequate, due, sufficient and valid notice of the settlement.

7. Based on the foregoing, the Court approves Certification of the Settlement Class.

8. Based on the foregoing, the Court grants final approval of the Class Action Settlement.

9. Based on the foregoing, the Court grants approval of the FLSA Settlement. The settlement is the product of contested litigation to resolve *bona fide* disputes.

10. The Court approves the requested Service Awards in the amount of Nine Thousand Dollars ($9,000.00) each to Named Plaintiffs Deborah Capilupi and Jose Valette ("Named Plaintiffs"), and to Opt-In Plaintiffs William Sharp, Amoy Moo, Elizabeth Morla, Moussart Belizaire, and Michelle Augustino ("Opt-In Plaintiffs") for their service and assistance in the prosecution of the Litigations.

11. Class Counsel's request for attorneys' fees and litigation costs and expenses in this action is approved. Accordingly, Class Counsel are hereby awarded $500,000.00, or one-third of the Gross Settlement Amount, for attorneys' fees and $17,873.86 for reimbursement of

litigation costs and expenses, which the Court finds were reasonably incurred in prosecution of the Litigations. Class Counsel are well qualified, experienced, and have aggressively litigated this action, thereby demonstrating their adequacy as counsel for the class. The Court finds that these amounts are justified by the work performed, risks taken, and the results achieved by class counsel.

12. The Settlement Claims Administrator will distribute the Settlement Checks, including Service Awards, and Class Counsel's Fees and Costs in accordance with the terms of the Settlement Agreement. The Settlement Claims Administrator is ordered to provide verification to Class Counsel and Defendants' Counsel that it has distributed the Settlement Checks and made proper withholdings, and to retain copies of all endorsed Settlement Checks.

13. This Litigation is dismissed with prejudice, as are all Released Class Claims asserted in the Litigation, including the claims of all Class Members who did not opt out.

14. The Court will retain jurisdiction over the interpretation and implementation of the Settlement Agreement, as well as any and all matters arising out of, or related to, the interpretation or implementation of the Settlement Agreement.

15. The Court finds, pursuant to Fed. R. Civ. P. 54(b), that there is no just reason for delay, and directs the Clerk to enter this Order.

It is so ORDERED this 27th day of September, 2018.

/s/ (JMA)
Hon. Joan M. Azrack
United States District Judge